Per Curiam.

Sections 4905.20 and 4905.21, Revised Code, set out the only statutory method whereby a public utility may make application for and be granted permission to abandon or withdraw all or a part of the services which it renders to the public.
For more than 40 years, applications to change agency stations to prepay nonagency stations have been made under these statutes or their predecessors in the General Code. See 1918 Report of Public Utilities Commission, Case No. 1391, page 92; 1921 Report of Public Utilities Commission, Case No. 2320, page 122; New York Central Rd. Co. v. Public Utilities Commission, 123 Ohio St., 560, 176 N. E., 219. Obviously, such an application has been considered the proper method by everyone concerned.
It is said in 50 American Jurisprudence, 309, Section 319:
“It has been said that the best construction of a statute is that which it has received from contemporary authority. * * * if there is ambiguity in the language, the understanding and application of it when the statute first comes into operation, sanctioned by long acquiescence on the part of the Legislature and judicial tribunals, are the strongest evidence that it has been rightly explained in practice.”
The plaintiff here invoked the jurisdiction of the commission under these sections. It should not now be heard to complain of a lack of the commission’s jurisdiction under these sections to pass on its application.
This court in the New York Central case, supra, which *367 recognized the propriety of procedure under these sections for permission to change one of the railroad’s stations from an agency to a nonagency or prepay station and which held that the refusal of the Public Utilities Commission to grant such application in that case was unreasonable, nevertheless recognized and said in the first paragraph of the syllabus that “each case must be determined upon the peculiar facts attendant thereon.”
We have reviewed the record made before the attorney-examiner in this case, and, although some members of the court would have reached a conclusion thereon different from that of the commission, we cannot say that the finding by the commission that “the applicant has not furnished sufficient probative evidence to indicate that the granting of the instant application would be reasonable having due regard for the welfare of the public” is either unreasonable or unlawful.
The order of the Public Utilities Commission is, therefore, affirmed.

Order affirmed.

Weygandt, C. J., Zimmerman, Matthias and Bell, JJ., concur.
Taet and Herbert, JJ., dissent.
O’Neill, J., not participating.